**UNITED STATES of America,**
**Petitioner,**

v.

**Honorable Albert Lee STEPHENS, Jr.,**
**Respondent.**

**No. 71–1884.**

United States Court of Appeals,
Ninth Circuit.

Sept. 29, 1971.

---

John M. Newman, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Andrew R. Willing, Asst. U. S. Atty., Los Angeles, Cal., for the petitioner.

Barry Tarlow (argued), Bernard Nizinski, Thomas H. Carver, Los Angeles, Cal., for real party in interest.

Before BARNES, MERRILL and KOELSCH, Circuit Judges.

MERRILL, Circuit Judge:

On November 2, 1970, certain defendants [1] were convicted of narcotics offenses involving marijuana committed in violation of 21 U.S.C. § 176a. On May 24, 1971, sentence was imposed by respondent judge. He sentenced the defendants to five years, the minimum prescribed by § 176a. He then, however, suspended the sentences and placed each defendant on probation for a period of five years. This action, theretofore unauthorized, was permitted by the terms of the Comprehensive Drug Abuse Prevention and Control Act of 1970, P.L. 91–513, 84 Stat. 1236, the effective date of which was May 1, 1971.

The sole question presented here is whether the intervention of the effective date of the new Act prior to the time of sentencing made probation available as to offenses committed prior to the new Act's effective date.[2] Contending that it did not, the Government seeks mandamus to compel the sentencing judge to vacate his order suspending sentence and placing the defendants on probation.

21 U.S.C. § 176a made it an offense to receive, conceal, buy, sell or facilitate the transportation, concealment or sale of marijuana unlawfully imported into the United States. The penalty prescribed was imprisonment for not less than five nor more than twenty years.

26 U.S.C. § 7237(d) provided that upon conviction of a violation of § 176a, "the imposition or execution of sentence shall not be suspended, probation shall not be granted * * *."[3]

---

1. Jacinto Roberto Silva-Leos, Mario Medina Fuentes and Jesus Gerardo-Rivera.

2. This court has recently held that grant of probation prior to May 1, 1971, the effective date of the new Act, is not authorized. United States v. Pregerson, 448 F.2d 404 (9th Cir. 1971). The question presented in the instant case was expressly reserved.

3. Absent this section the general provisions of 18 U.S.C. § 3651 apply. That section authorizes the suspension of sentence and grant of probation as to any offense not punishable by death or life imprisonment.

The 1970 Act (§ 1101) repeals both § 176a[4] and § 7237(d). Two savings statutes, however, preclude abatement of proceedings under § 176a. The question presented is whether these two provisions (or either of them) serve to render ineffective the new Act's repeal of § 7237(d) as to offenses committed under the old law. We agree with respondent that they do not.[5]

1. Section 1103(a) of the new Act provides:

"Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section * * * or abated by reason thereof."

The Government contends that "Prosecutions * * * shall not be affected" should be read as encompassing all criminal proceedings, including sentence, and as precluding any sentencing alternatives other than those formerly available.

■■ We cannot agree. Prosecution ends with judgment. The purpose of the section has been served when judgment under the old Act has been entered and abatement of proceedings has been avoided. At that point litigation has ended and appeal is available. Korematsu v. United States, 319 U.S. 432, 63 S. Ct. 1124, 87 L.Ed. 1497 (1943). What occurs thereafter—the manner in which judgment is carried out, executed or satisfied, and whether or not it is suspended—in no way affects the prosecution of the case.

2. 1 U.S.C. § 109 provides:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining * * * prosecution for the enforcement of such penalty, forfeiture, or liability * * *."

In our view this section does not preclude probation for two reasons.

*First*, § 7237(d) is not the sort of statute to which § 109 relates. As stated in Hamm v. City of Rock Hill, 379 U.S. 306, 314, 85 S.Ct. 384, 390, 13 L.Ed. 2d 300 (1964): "[§ 109] was meant to obviate mere technical abatement."[6]

4. In lieu of the narcotics offenses theretofore existing, comprehensive schedules of "controlled substances" are set up with provisions for registration, record keeping and reporting. Prohibited acts are set forth and penalties prescribed. § 404(a) makes it an offense knowingly to possess controlled substances unless possession was authorized. Penalty is fixed at not more than one year or $5,000 or both for the first offense. § 404(b) authorizes probation for not more than one year and dismissal of proceedings and expunging of official records upon successful completion of probation.

5. This is not to say that the new law, § 404(b) (footnote 4), applies to a § 176a offense. This means simply that the general provisions of § 3651 (footnote 3) are available.

6. At common law, the repeal of a statute or change in the definition or punishment of an offense abrogated the statute and abated any prosecution commenced thereunder. *See, e. g.,* Norris v. Crocker, 13

How. 429, 14 L.Ed. 210 (1850). *See also,* 1 Sutherland, Statutory Construction §§ 242–50. This doctrine often provided an escape for an accused fortunate enough to have his offense made the subject of stiffer penalties. His prosecution was said to "technically" abate. *See, e. g.,* Hartung v. People, 22 N.Y. 95 (1860); Rex. v. Carter, 4 Burr. 2026, 98 Eng.Rep. 56 (1767). *And see,* United States v. Tynen, 78 U.S. (11 Wall) 88, 20 L.Ed. 237 (1871). In its *Hamm* decision, the Supreme Court concluded that the technical abatement in *Tynen* was the impulse behind Congress' adoption of 1 U.S.C. 109 in 1871. *See generally,* J. MacKenzie, Hamm v. City of Rock Hill and the Federal Saving Statute, 54 Georgetown L.J. 173 (1965–66). A nontechnical abatement of prosecution resulted at common law when a statute was changed so that the conduct in question no longer was a crime. The Supreme Court has employed § 109 to avoid nontechnical as well as technical abatements. *See, e. g.,* Allen v. Grand Cent. Aircraft, 347 U.S. 535, 553, 74

Repeal of § 7237(d) poses no threat of abatement. The section does not make certain conduct criminal or define offenses as to which prosecution need be sustained and abatement obviated. Under the statute no penalty or liability is incurred by virtue of proscribed conduct. The section simply renders unavailable (as to offenses defined elsewhere) certain sentencing alternatives otherwise generally available.

We reject the Government's argument that § 7237(d) should be read as included within § 176a and attached to the penalty provisions of the latter section so as to bring both sections within the ambit of § 109. This, in our view, would be extending § 109 beyond its literal coverage and its purpose to obviate abatement, and for no sound reason.

The new Act reflects the current view that probation should be available for these offenses.[7] Allowing it here permits a salutary tempering of the arbitrariness which otherwise would result from hewing to a cut-off date in transition from old to new law and an approach to evenhanded dispensation of justice not otherwise available. We fail to see how the public interest would be served by straining for a statutory construction that would achieve a contrary result.

*Second,* we do not regard the grant of probation as a release or extinguishment of penalty. It does not wipe clean the defendant's penal obligation. Rather, it provides means alternative to imprisonment for satisfying it.[8] It is a "mild and ambulatory punishment," a "reforming discipline," and constitutes "the disciplinary measures which the court has

determined to be necessary for the protection of the public." *Korematsu* v. *United States, supra,* 319 U.S. at page 435, 63 S.Ct. at page 1126.

Writ denied.

---

S.Ct. 745, 98 L.Ed. 933 (1954); Hertz v. Woodman, 218 U.S. 205, 30 S.Ct. 621, 54 L.Ed. 1001 (1910); United States v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480 (1888). However, in no case has the Congressional purpose of preventing abatements of prosecution been read so sweepingly as the Government here urges.

7. 1970 U.S.Code Cong. & Admin.News (Pt. 3), at pp. 4570, 4574–4577.

8. The Congressional object of avoiding abatements (technical or nontechnical) has never been thought to require the perpetuation of "remedies" or "procedures," as distinguished from substantive "liabilities." *See,* United States v. Obermeier, 186 F.2d 243 (2d Cir. 1950); Great Northern Railway Co. v. United States, 208 U.S. 452, 28 S.Ct. 313, 52 L.Ed. 567 (1907); Hertz v. Woodman, 218 U.S. 205, 30 S.Ct. 621, 54 L.Ed. 1001 (1910).