**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Stephen George FITHIAN, Defendant-
Appellant.**

**No. 71-2044.**

United States Court of Appeals,
Ninth Circuit.

Dec. 10, 1971.

Franklyn N. Brown, Tigard, Or., for defendant-appellant.

Michael L. Morehouse, Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff-appellee.

Before CHAMBERS, MERRILL and KILKENNY, Circuit Judges.

MERRILL, Circuit Judge:

This appeal is taken from conviction of conspiracy to smuggle marijuana in violation of 21 U.S.C. § 176a and from sentence imposed under that section.

*Conviction*

We find no merit in appellant's attacks on his conviction.

Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1968), does not require reversal since no resort here was had to the presumption with which that case dealt. Witt v. United States, 413 F.2d 303 (9th Cir. 1969) cert. denied, 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed. 2d 230 (1969); United States v. Cordova, 421 F.2d 471 (9th Cir. 1970) cert. denied, 398 U.S. 941, 90 S.Ct. 1855, 26 L.Ed.2d 276 (1970); United States v. Cepelis, 426 F.2d 134 (9th Cir. 1970).

Section 176a is not void for vagueness. The meaning of the challenged phrase, "with intent to defraud the United States," has been made clear in countless decisions. *See, e.g.,* Leary v. United States, *supra,* 395 U.S. at pages 14–16, 89 S.Ct. 1532. The language in question has reference to a

specific regulatory scheme to which the courts have repeatedly pointed.[1]

■ The record does not support appellant's contention that he was denied information as to the criminal convictions of government witnesses and thus denied impeachment opportunity.

■ The introduction into evidence of telephone company records of calls from appellant's residence did not violate his Fourth Amendment rights. The expectation of privacy attaching to telephone conversations relates to the content of the conversations themselves and not to the fact that a conversation took place.[2] No one justifiably could expect that the fact that a particular call was placed will remain his private affair when business records necessarily must contain this information.[3]

*Sentence*

■ Appellant contends that the District Court erred in sentencing him under 21 U.S.C. § 176a, since the Comprehensive Drug Abuse, Prevention and Control Act of 1970, Public Law 91–513, 21 U.S.C. § 960, was in effect at the time sentence was imposed. He contends that he was entitled to be sentenced under the new Act since it carries lesser sentences. We disagree.

The lesser sentences provided by the new Act do not apply to § 176a, but to new offenses defined in the new Act. As we recently noted in United States v. Stephens, 449 F.2d 103 (9th Cir. 1971), the new Act repeals § 176a but saves prosecutions under that section occur-

ring prior to the new Act's effective date. Further, 1 U.S.C. § 109 provides:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining * * * prosecution for the enforcement of such penalty, forfeiture, or liability * * *."

Thus, it was proper here as in United States v. Stephens, *supra,* to sentence under § 176a. Indeed, it was the only course available.

United States v. Stephens, *supra,* did however, hold that the new Act from its effective date had rendered probation available as to offenses committed under § 176a. In our view appellant should, under that holding, have the opportunity to seek probation if he so desires. It does not appear from the record whether consideration was given by the District Court to the exercise of its discretion in this respect.

Judgment is affirmed.

The matter is remanded to the District Court with directions that it may, for the period of 120 days from the date of our mandate herein, entertain and dispose of motions to suspend execution of sentence or to vacate sentence and suspend its imposition and to place appellant on probation. We, of course, intend no intimation as to how such motions, if made, should be disposed of.

---

1. If a judicial explication makes a statute clear, so that fair notice is afforded, vagueness may not be imputed. United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954) ; Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1944).

2. Katz v. United States, 389 U.S. 347, 353–354 (1967), supplies the basic test of "justified expectation."

3. United States v. Kompinski, 373 F.2d 429 (2d Cir. 1967).