Dorothy Mae PAGE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 72-1001.

United States Court of Appeals, Tenth Circuit.

April 27, 1972.

Arthur Sherman, Beverly Hills, Cal. (Burton Marks, of Marks, Sherman & Schwartz, Beverly Hills, Cal., on the brief), for appellant.

Hubert H. Bryant, Asst. U. S. Atty., Tulsa, Okl. (Nathan G. Graham, U. S. Atty., on the brief), for appellee.

Before CLARK*, Associate Justice, and HILL and DOYLE, Circuit Judges.

PER CURIAM:

The issue in this appeal is whether the sentencing provisions of the new Comprehensive Drug Abuse, Prevention and Control Act of 1970, P.L. 91-513, effective May 1, 1971, may be applied to a sentence imposed prior to that date under the provisions of the old law, 26 U.S.C. § 7237. We conclude that the saving clause of the Act prevents its retroactive application and therefore affirm the District Court's denial of a motion to reduce sentence.

Appellant stands convicted by a jury on two counts of an indictment charging (1) knowing violations of 21 U.S.C. § 174 (unlawfully receiving, concealing, buying, selling and facilitating the distribution of narcotics i. e. heroin, after it had been imported into the United States contrary to law; and (2) conspiracy to violate 26 U.S.C. § 4705(a) by selling, bartering and giving away narcotics i. e. heroin, not in pursuance of a written order form as provided by law. Appellant was convicted May 28, 1970, and was sentenced on June 15, 1970, to serve five years' imprisonment on each count of the indictment, the sentences to run concurrently. This was the minimum mandatory penalty required by the sentencing provisions of 26 U.S.C. § 7237(b). Her conviction was affirmed by this Court along with several co-defendants on July 27, 1971. After remand and on September 20, 1971, she filed a motion pursuant to Rule 35 F.R. Cr.P. to reduce and modify the sentence under the sentencing provisions of § 841 of the Act. The trial judge denied the motion on September 30, 1971, on the ground that he had no authority to reduce the sentence as requested; how-

* Associate Justice of the United States Supreme Court, Retired, sitting by designation.

ever, the judge added that if it was found by this Court that he had this authority under the Act, he would reduce the sentence to one year imprisonment and a fine that he would subsequently determine based upon her financial worth.

Under the common law, a partial repeal of a penal statute works an abatement of prosecutions under the old law *unless* a savings clause in the new law expresses legislative intent to the contrary. United States v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480 (1888). Here, in addition to the general savings statute, 1 U.S.C. § 109, Congress enacted a specific provision, Section 1103(a) of the Act, prescribing the applicability of its provisions to pre-effective date violations:

> "Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof."

Although the wording of the statute is sufficiently clear in itself, we are aided by the decisions of three other circuits on similar issues dealing with the Act. In United States v. Fiotto, 454 F.2d 252 (2d Cir. 1972), the Court of Appeals found that the former provisions would apply to pre-Act violations even though sentencing took place after its effective date. Likewise, in United States v. Bradley, 455 F.2d 1181 (1st Cir. 1972), cert. filed April 10, 1972, that Circuit applied the former sentencing provisions to pre-Act violations on a Rule 35 motion even though the original sentencing and the motion occurred after the effective date. Only in United States v. Stephens, 449 F.2d 103 (9th Cir. 1971), has a contrary result been reached. There, the Ninth Circuit read the word "prosecutions" in the savings clause to include proceedings through conviction only thereby making the provisions of the Act applicable to sentencing. Although this interpretation may comport

with our notions of fair play, we cannot accept it for the reasons stated in United States v. Bradley, supra.

The judgment is therefore affirmed.