Joseph **MACERI**, Petitioner,

v.

**UNITED STATES** of America, Respondent.

Crim. No. 46177.

United States District Court, E. D. Michigan, S. D.

May 22, 1972.

---

3. Likewise, by definition there would be no competitor closed out of the market by IBM's actions.

Ralph B. Guy, Jr., U. S. Atty., William C. Ibershof, Asst. U. S. Atty., Detroit, Mich., for respondent.

James F. Finn, Detroit, Mich., for petitioner.

## ORDER DENYING PETITIONER'S MOTION TO CORRECT SENTENCE

KAESS, Chief Judge.

The Court has received a letter from petitioner which it will treat as a motion for correction of sentence. Rule 35, Federal Rules of Criminal Procedure.

On July 16, 1969, a Federal Grand Jury returned a Two-Count Indictment, Docket No. 44243, against petitioner, charging him with Unlawful Possession and Sale of Cocaine, in violation of § 174, Title 21, U.S.Code, and § 4705(a), Title 26, U.S.Code. On August 11, 1969, he was arraigned on this Indictment and entered a plea of not guilty. On August 31, 1971, the petitioner entered a plea of guilty to a One-Count Superseding Information, charging that, on May 2, 1968, the petitioner did unlawfully purchase approximately .35 grams of cocaine, not in the original stamped package and not having on it the appropriate tax-paid United States Internal Revenue Stamps required by law, in violation of § 4704(a), Title 26, U.S.Code. Finally, on November 30, 1971, petitioner was sentenced to serve a five-year term in the custody of the Attorney General for the above violation.

On May 1, 1971, seven months prior to petitioner's sentence, 26 U.S.C. § 4704(a), 26 U.S.C. § 7237(b), and 26 U.S.C. § 7237(d) were repealed by the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq.

This Act redefined the substantive offenses and also liberalized the penalty provisions. For example, suspended sentences, parole and probation were no longer prohibited.

Petitioner claims that, at the time he was sentenced, the new Drug Abuse Act was in force, and he should not have been sentenced under § 7237(d).

However, there is a savings statute which precludes abatement of proceedings under 26 U.S.C. § 4704(a). Section 1103(a) of Public Laws Number 91–513 provides:

"Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section . . . or abated by reason thereof."

The prosecution against petitioner was commenced on July 16, 1969, which was long before the repeal of 26 U.S.C. § 4704(a). The Superseding Information of August 31, 1971 in no way changed the fact that this was still a prosecution for an offense which occurred prior to May 1, 1971. Therefore, the acceptance of petitioner's guilty plea was valid and proper in all respects.

The only other issue presented by petitioner is whether the language "Prosecutions . . . shall not be affected" should be read as encompassing all criminal proceedings, including sentence, and, therefore, precluding any sentencing alternatives other than those formerly available.

There has been a split by the Courts of Appeal which have considered this question. In United States v. Stephens, 449 F.2d 103 (9th Cir. 1971), the Ninth Circuit held that prosecution ends with judgment, and thus, the defendant in that case was correctly sentenced under the new drug abuse law.

However, both the First and Second Circuits have held that the savings section of the new Drug Abuse Law included both prosecution and sentencing. United States v. Fiotto, 454 F.2d 252 (2nd Cir. 1972); United States v. Bradley, 455 F.2d 1181 (1st Cir. 1972).

The decisions reached by the First and Second Circuits appear to be the

correct ones. As stated in *Bradley, supra:*

"Whether a repealed provision remains in force as to pre-repeal activities is a matter of Congressional intent to be determined from statutory saving provisions."

From a reading of both § 1103(a) of the new Drug Abuse Law, as well as the general saving provision, 1 U.S.C. § 109, the Court can find no express or even implied intention by Congress that prior offenders should not be sentenced under the pre-existing penalty provisions. Thus, the Court concurs with the holdings of the First and Second Circuits on this issue.

Therefore, petitioner's sentence has been legally imposed, and it is ordered that petitioner's motion for correction of sentence be, and hereby is, denied.