Edward James DE ANGELIS, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 72–848.

United States District Court, E. D. Pennsylvania.

July 8, 1972.

proximately 4 days of trial on October 14, 1971, to two counts (5 and 6) charging violations of 26 U.S.C. §§ 4704(a), 4705(a) respectively.[1] He was sentenced to a 5 year term of imprisonment on count 6, and a 5 year term on count 5 to run concurrent to the term on count 6. Additionally, he was sentenced for violation of probation in an unrelated case to a term of 5 years to run concurrent to the term imposed on counts 5 and 6. The sentence imposed on count 6 is pursuant to 26 U.S.C. § 7237(b). This sentence cannot be suspended, nor can parole or probation be granted. 26 U.S.C. § 7237(d). On May 1, 1971, most of the existing federal narcotics laws, including §§ 4705(a), 7237(b) and 7237(d), were repealed by the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, 84 Stat. 1242 et seq., 21 U.S.C. § 801 et seq. The 1970 Act redefined the substantive offenses and generally liberalized the penalty provisions, in most instances no longer forbidding suspended sentences, parole, or probation.

The petitioner seeks to withdraw his plea of guilty and have the sentence imposed vacated. He claims that he did not know that 26 U.S.C. §§ 4704(a) and 4705(a) had been repealed, and that he was pleading guilty to a statute which had been held to be unconstitutional. Additionally, he claims to have been denied his Fifth Amendment rights as the conviction under the old statute provides that the imposition or execution of sentence shall not be suspended, and that probation or parole shall not be granted. In essence, the petitioner claims that he should have been sentenced pursuant to the provisions of the Comprehensive Drug Abuse Prevention and Control Act of 1970.[2]

Edward James De Angelis, pro se.

Carmen Nasuti, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

The petitioner, Edward James De Angelis, entered a plea of guilty, after ap-

1. On June 11, 1970, a Federal Grand Jury at Philadelphia indicted the petitioner and two other individuals on various charges arising from a series of alleged sales of drugs.

2. The Court treats this motion as one made pursuant to 28 U.S.C. § 2255. On May 2, 1972, the Court granted leave to proceed in forma pauperis and ordered the United States Attorney to file an

As a preliminary matter, the provisions under which the defendant has been sentenced have been held to be constitutional in a long line of cases.[3]

In support of his contention that he was denied his Fifth Amendment rights petitioner relies upon the case of United States v. Stephens, 449 F.2d 103 (9th Cir.1971). See also, United States v. Fithian, 452 F.2d 505 (9th Cir.1971). The Court held in that case that by virtue of the repeal of 26 U.S.C. § 4701 et seq., a sentencing judge was not bound by the mandatory provisions of that act. This Court specifically sentenced the petitioner under the old act, however, if the petitioner was sentenced under the new act he would be eligible for parole.[4]

The *Stephens* decision is in direct conflict with several recent decisions from other circuits. United States v. Fiotto, 454 F.2d 252 (2d Cir.1972), cert. denied, 406 U.S. 918, 92 S.Ct. 1769, 32 L.Ed.2d 117 (May 16, 1972); United States v. Bradley, 455 F.2d 1181 (1st Cir.1972).[5] The issue of whether the 1970 Act empowers a Federal District Judge to disregard the repealed minimum mandatory provisions of 26 U.S.C. §§ 4705(a), and 7237(b) (d) is presently before the Third Circuit in Appeal of Brickley, 463 F.2d 590 (3d Cir., 1972). This Court is persuaded by the reasoning in *Fiotto* and *Bradley,* however, should the Supreme Court or the Third Circuit hold that a Court cannot sentence under 26 U.S.C. § 7237 this Court will entertain a second motion for similar relief on behalf of the petitioner.

---

answer within 60 days. The Court now has the benefit of the government's answer. The defendant thereafter submitted a supplemental brief. There exists no question of fact for which an evidentiary hearing is necessary.

3. United States v. Jones, 438 F.2d 461 (7th Cir. 1971); United States v. Gudino, 432 F.2d 433 (9th Cir. 1970); United States v. Lozaw, 427 F.2d 911 (2d Cir. 1970); United States v. Del Toro, 426 F.2d 181 (5th Cir. 1970); cert. denied, 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 60 (1970); United States v. Ward, 387 F.2d 843 (7th Cir. 1967); Sperling v. Willingham, 353 F.2d 6 (7th Cir. 1965); cert. denied, 384 U.S. 962, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966); Stewart v. United States, 325 F.2d 745 (8th Cir. 1964), cert. denied, 377 U.S. 937, 84 S.Ct. 1344, 12 L.Ed.2d 301 (1964); Halprin v. United States, 295 F.2d 458 (9th Cir. 1961); Oliver v. United States, 290 F.2d 255 (8th Cir. 1961), cert. denied, 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48 (1961); Witt v. United States, 287 F.2d 389 (9th Cir. 1961), cert. denied, 366 U.S. 950, 81 S.Ct. 1904, 6 L.Ed.2d 1242 (1961); Gallego v. United States, 276 F.2d 914 (9th Cir. 1960); Lathern v. United States, 259 F.2d 393 (5th Cir. 1958).

4. 21 U.S.C. § 841.

5. The United States Attorney has indicated that certiorari has been recently granted to the United States Supreme Court.