**404**

Irene ALVARADO, Reg. 17513-170, et al.,
Plaintiffs,

v.

Virginia McLAUGHLIN, Warden, Federal
Reformatory for Women, Alderson,
West Virginia, et al., Defendants.

Civ. A. No. 1399.

United States District Court,
S. D. West Virginia,
Bluefield Division.

Dec. 6, 1972.

Richard J. Bolen, Noel P. Copen, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, W. Va., Fred M. Vinson, Jr., Washington, D. C., for plaintiffs.

John A. Field, III, U. S. Atty., Charleston, W. Va., for defendants.

## MEMORANDUM ORDER

CHRISTIE, Chief Judge:

Plaintiffs were convicted of various narcotics offenses involving 21 U.S.C. Sections 173 and 174 and 26 U.S.C. Sections 4704(a) and 4705(a). Pursuant to the provisions of 26 U.S.C. § 7237(d), they were committed to the Federal Reformatory for Women, Alderson, West Virginia. Subsection (d) provides that those committed thereunder shall not be eligible for parole during the term of years for which they were sentenced. Subsequent to these sentences, the Comprehensive Drug Abuse Prevention and Control Act of 1970, P.L. 91–513, 84 Stat. 1242 (21 U.S.C. § 801 et seq.), became effective. This new law repealed the old narcotics laws and provided new sentencing procedures allowing for suspended sentences, probation and parole. Plaintiffs contend that Congress, by repealing 26 U.S.C. § 7237(d), has eliminated the only bar to their parole consideration and, as a consequence, all federal prisoners convicted of offenses against the narcotics laws of the United States are now eligible for parole under the provisions of 18 U.S.C. § 4202.[1]

---

1. "A Federal prisoner, other than a juvenile delinquent or a committed youth offender, wherever confined and serving a definite term or terms of over one hundred and eighty days, whose record shows that he has observed the rules of the institution

Having served sufficient portions of their sentences to qualify for parole consideration under 18 U.S.C. § 4202, the plaintiffs seek an order from this court declaring their rights to parole consideration and directing the defendants to perform the necessary administrative acts to enable them to be so considered under Section 4202. Accordingly, the plaintiffs move for summary judgment upon this matter.

The new 1970 Act contains a "savings clause" which provides,

"Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section . . . or abated by reason thereof." P.L. 91–513, Section 1103(a).

Also, the general savings statute, 1 U.S.C. § 109, provides in pertinent part,

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining . . . prsosecution for the enforcement of such penalty, forfeiture, or liability . . .."

The issue presented here is whether or not these two "savings" provisions, or either of them, serve to render ineffective the new Act's repeal of 26 U.S.C. § 7237(d) as to offenses committed under the old law. This issue has been raised in several circuits and, not surprising, there is a division as to whether Congress intended Section 7237(d) to remain in effect for convictions and sentences made under the old narcotics laws. Plaintiffs find support for their contention that 7237(d) has not been "saved" in United States v. McGarr, 461 F.2d 1 (7th Cir. 1972); United States v. Fithian, 452 F.2d 505 (9th Cir. 1971);

and United States v. Stephens, 449 F.2d 103 (9th Cir. 1971). On the other hand, defendants find ample support for their position that 7237(d) is still viable and enforceable as to sentences imposed under the old narcotics laws in United States v. Ross, 464 F.2d 376 (2d Cir. 1972); United States v. Caldwell, 463 F.2d 590 (3rd Cir. 1972); Page v. United States, 459 F.2d 467 (10th Cir. 1972); United States v. Bradley, 455 F.2d 1181 (1st Cir. 1972), cert. granted, 407 U.S. 908, 92 S.Ct. 2438, 32 L.Ed.2d 682, April 10, 1972; and United States v. Fiotto, 454 F.2d 252 (2d Cir. 1972).

Having carefully considered the opposing positions and cases, we find more logic in those decisions which hold that the efficacy of 7237(d) as to convictions and sentences imposed pursuant to the old narcotics laws has been "saved." We, therefore, hold that the plaintiffs are not entitled to the relief prayed for.

in which he is confined, may be released on parole after serving one-third of such term or terms or after serving fifteen

years of a life sentence or of a sentence of over forty-five years."