**Larry Donnell BETHEA, Petitioner,**

**v.**

**Colonel Oliver O'KIER, Respondent.**

**No. 74–9–C3.**

United States District Court,
D. Kansas.

April 16, 1974.

Robert E. Davis, Leavenworth, Kan., for petitioner.

Robert J. Roth, U. S. Atty., Wichita, Kan., Bruce E. Miller, Asst. U. S. Atty., Topeka, Kan., and William G. Eckhardt, Major, JAGC and Alvin L. Thomas, Captain, JAGC, Washington, D. C., for respondent.

## MEMORANDUM AND ORDER

STANLEY, Senior District Judge.

This petition for a writ of habeas corpus is before the court upon the filing of the respondent's answer and return and the petitioner's traverse thereto. The facts developed in the pleadings are not in dispute and no evidentiary hearing is necessary. The court makes the following findings:

Petitioner Larry Donnell Bethea is presently in the custody of the respondent at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, pursuant to a sentence of thirty years of confinement at hard labor imposed January 14, 1972 by a general court-martial convened by the Commander, 101st Airborne Division (Airmobile) at Camp Campbell, Republic of Vietnam. He was convicted of three counts of assault with intent to murder in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C.A. § 934. The findings and sentence were approved by the convening authority, and on review the United States Army Court of Military Review affirmed the findings, but reduced the sentence of imprisonment to a term of twenty-five years. All military appeal procedures have been exhausted.

Although the issue presented to this court has not been presented to the military courts, the respondent raises no question as to the requirement that military remedies be exhausted prior to an adjudication here. *Cf.* Kehrli v. Sprinkle, D.Kan., Case No. L–2164, November 27, 1973 (unpublished).

Petitioner's sole contention is that Article 134, UCMJ, is unconstitutionally vague and overbroad. He relies upon two recent decisions in other circuits, Avrech v. Secretary of the Navy, 155 U.S.App.D.C. 352, 477 F.2d 1237 (1973), cert. granted, 414 U.S. 816, 94 S.Ct. 64, 38 L.Ed.2d 48 and Levy v. Parker, 478 F.2d 772 (3d Cir. 1973), cert. granted, 414 U.S. 973, 94 S.Ct. 286, 38 L.Ed.2d 216. As noted in the respondent's brief and in Kehrli v. Sprinkle, *supra*, the

court is not bound by those decisions. Despite this court's respect for the authors of the opinions in *Avrech* and *Levy*, it does not feel compelled to apply those decisions to this case.

██ Initially, it should be noted that the idea of "overbreadth" does not apply here. That concept is invoked to invalidate a properly specific statute which infringes upon constitutionally protected conduct. Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). In *Levy* and *Avrech* neither court stressed the overbreadth issue although it appears to have influenced both.

In reaching the conclusion that Article 134 is impermissibly vague, the courts in *Levy* and *Avrech* dismissed the holding in Dynes v. Hoover, 61 U.S. (20 How.) 65, 15 L.Ed. 838 (1857). In that case, the plaintiff brought an action for assault and battery and false imprisonment against a United States Marshal who was holding him pursuant to a sentence imposed by a Navy court-martial. Dynes had been convicted of attempting to desert in violation of Article 32 of the Rules for the Government of the Navy which provided: "All crimes committed by persons belonging to the navy, which are not specified in the foregoing articles, shall be punished according to the laws and customs in such cases at sea." 61 U.S. at 79.

As the defendant claimed that the plaintiff's incarceration was lawful and that there was therefore no assault or false imprisonment, the court had to consider the legality of the conviction and accordingly the validity of the Article. Plaintiff challenged the Article on the ground that it was too vague. In rejecting the plaintiff's claim, the court stated: " * * * (W)hen offenses and crimes are not given in terms or by definition, the want of it may be supplied by a comprehensive enactment, such as the 32d article of the rules for the government of the navy, which means that courts martial have jurisdiction of such crimes as are not specified, but

which have been recognized to be crimes and offenses by the usages in the navy of all nations and that they shall be punished according to the customs of the sea. Notwithstanding the apparent indeterminateness of such a provision, it is not liable to abuse, for what those crimes are, and how they are to be punished is well known by practical men in the navy and army * * *." 61 U.S. at 82. This approval of a direct predecessor of Article 134 was rejected in *Levy* and *Avrech* as outdated. This court disagrees.

██ The essence of the vagueness concept is that a statute must give fair warning of the conduct which· it proscribes. Rowan v. United States Post Office Department, 397 U.S. 728, 90 S.Ct. 1484, 25 L.Ed.2d 736 (1970). A statute is unconstitutionally vague if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden. On the other hand, if a general class of offenses to which the statute is directed is plainly within its terms, it will not be struck down as vague. United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954). In considering the fairness of the warning, the particular context of the statute is all important. American Communications Association v. Douds, 339 U.S. 382, 412, 70 S.Ct. 674, 94 L.Ed. 925 (1950); *cf.* Grayned v. City of Rockford, *supra*. And where juridical explication makes a statute clear so that fair notice is afforded, vagueness may not be imputed. United States v. Fithian, 452 F.2d 505 (9th Cir. 1971). Here the specific context is the military law and judicial explanation is the decisions of the various courts of military appeals. In Dynes v. Hoover, *supra*, the court approved a statute which required reference to an established body of military law for clarification. Such reference is approved practice today.

██ In Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), the Supreme Court per Justice Douglas held that a statute may properly

incorporate by indirect reference the law set down in the Constitution and as interpreted by the courts. *Cf.* Jordan v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951); Hines v. Baker, 422 F.2d 1002 (10th Cir. 1970). This court concludes that the incorporation concept approved in the military context in Dynes v. Hoover, *supra*, is valid today and that Article 134 therefore proscribes with sufficient precision the various offenses which the military courts have held to fall within its scope. The Article as interpreted by the courts affords members of the armed forces fair warning of what conduct is prohibited thereunder.

It is ordered that this action be dismissed; and that the clerk transmit copies of this memorandum and order to the petitioner, to his attorney, to the respondent, and to the United States Attorney for the District of Kansas.