972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen Charles STARKWEATHER, Defendant-Appellant.
 No. 91-30354.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1992.*
Decided Aug. 24, 1992.
 
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glen Charles Starkweather appeals his conviction and his sentence following a conditional plea of guilty to possession with intent to distribute marijuana, manufacture of marijuana and maintaining a place for the manufacture of marijuana. Starkweather contends that the district court erred in denying his motion to suppress evidence seized from his house. Starkweather also contends that the district court erred in sentencing him for the possession and manufacture of a quantity of marijuana not specified in the indictment.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * After receiving information from a confidential informant that Starkweather was manufacturing marijuana, law enforcement officers served an investigative subpoena on the local electric utility to determine the kilowatt consumption at Starkweather's residence. The records from the electric utility revealed that Starkweather's residence consumed more than three times the quantity of electricity consumed by comparable residences in the area.
 
 
 4
 On the basis of the information received from the informant and the utility, the officers procured a state search warrant for Starkweather's residence. In executing the warrant, the officers discovered marijuana growing in Starkweather's basement. The officers seized numerous items, including marijuana plants, growing lights, timers and publications on the cultivation of marijuana.
 
 
 5
 Starkweather was charged with possession with intent to distribute marijuana, manufacture of marijuana and maintaining a place for the manufacture of marijuana. After the district court denied his motion to suppress the evidence seized from his residence, Starkweather entered a conditional plea of guilty and was sentenced to a term of imprisonment of 63 months. Starkweather timely appeals his conviction and his sentence.
 
 II
 
 6
 Starkweather first contends that the records of kilowatt consumption at his residence were obtained by the officers from the electric utility in violation of his rights under the Fourth Amendment. He argues that the evidence seized from his house should be suppressed as "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471 (1963).
 
 
 7
 The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." U.S. Const. amend. IV. Whether the Fourth Amendment protects a particular interest, however, depends upon whether the person invoking its protection can claim a legitimate expectation of privacy that has been invaded by government action. Rakas v. Illinois, 439 U.S. 128, 143 (1978).
 
 
 8
 The Supreme Court has held that "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties," Smith v. Maryland, 442 U.S. 735, 743-44 (1979), including financial information voluntarily conveyed to banks and released to bank employees in the ordinary course of business. United States v. Miller, 425 U.S. 435, 442 (1976).
 
 
 9
 In United States v. Baxter, 492 F.2d 150, 167 (9th Cir.1973), cert. denied, 416 U.S. 940 (1974) and United States v. Fithian, 452 F.2d 505, 506 (9th Cir.1971), we rejected similar claims that the Fourth Amendment protects telephone company billing records. "The public awareness that such records are routinely maintained was held to negate any constitutionally sufficient expectation of privacy regarding the records." Hodge v. Mountain States Telephone & Telegraph Co., 555 F.2d 254, 256 (9th Cir.1977) (footnotes omitted).
 
 
 10
 We see no principled reason to accord electric utility records any different status under the Fourth Amendment than that accorded bank or telephone records. Because the Fourth Amendment does not protect electric utility records, the district court did not err in denying Starkweather's motion to suppress.
 
 III
 
 11
 Starkweather next contends that the district court erred in sentencing him for the possession and manufacture of a quantity of marijuana not specified in the indictment. We disagree.
 
 
 12
 An indictment must do no more than set forth the elements of a crime in adequate detail to inform the defendant of the charges against him and to enable him to plead double jeopardy. United States v. Schmidt, 947 F.2d 362, 369 (9th Cir.1991). Starkweather's indictment charges him with violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 856(a)(1). Possessing or manufacturing a specific quantity of marijuana is not an element of those offenses. See, e.g., United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992). Accordingly, Starkweather's contention is without merit.
 
 IV
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 In his statement of related cases, Starkweather makes reference to the "constitutionality of using plants as being equal to kilograms of marijuana." That issue has not been properly briefed and we do not address it. See Fed.R.App.P. 28 ("The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.")