**UNITED STATES of America,**
**Petitioner,**

v.

**Hon. Frank J. McGARR, Judge, United States District Court for the Northern District of Illinois, Respondent.**

No. 72–1108.

United States Court of Appeals,
Seventh Circuit.

April 28, 1972.

**2**

James R. Thompson, U. S. Atty., John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., Chicago, Ill., for petitioner.

Robert S. Bailey, Ronald P. Alwin, Chicago, Ill., for respondent.

Before PELL, STEVENS and SPRECHER, Circuit Judges.

PER CURIAM.

This case comes before us on the government's petition for a writ of mandamus directed to respondent district judge.

In a criminal case before respondent judge, two defendants were convicted by a jury of engaging in a conspiracy to sell heroin from March 1969 to July 1969 in violation of 21 U.S.C. § 174. The statute provides for a mandatory minimum 5-year prison term.

Effective May 1, 1971, § 174 was repealed by § 1101(a) (2) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 84 Stat. 1236, 1291. A savings clause, § 1103(a), 84 Stat. 1294, provides:

"(a) Prosecutions for any violation of law occurring prior to the effective date of section 1101 [May 1, 1971] shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof."

A general savings clause in Title 1 of the United States Code provides:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. . . ." 1 U.S.C. § 109.

The district judge, relying on a Ninth Circuit case, United States v. Stephens, 449 F.2d 103 (1971), held that notwithstanding these savings clauses, the 5-

year minimum sentence provision of the repealed statute was no longer in effect. He sentenced one defendant to four years in prison; the other to three years.

The government's petition relies on a Second Circuit case, United States v. Fiotto, 454 F.2d 252 (1972), in which the court summarily rejected the Ninth Circuit's decision in *Stephens.*[1] As we interpret the law, the results in both *Stephens* and *Fiotto* are correct; we do not think the logic of either decides the other. Thus, in order to decide the case before us, it is necessary to examine the decisions in *Stephens* and *Fiotto* more closely.

In *Stephens,* the question before the court was whether, after the 1970 Act was passed, 26 U.S.C. § 7237(d) (also repealed by § 1101(a) of the 1970 Act) still operated to preclude suspension of sentence and probation which would otherwise have been available under 18 U.S.C. § 3651. The court held that after express repeal of § 7237(d), neither § 1103(a) of the 1970 Act nor 1 U.S.C. § 109 "saved" that section. As to § 1103(a), the court said it operated only to save "prosecution":

"[T]he manner in which judgment is carried out, executed or satisfied, and whether or not it [sentence] is suspended . . . in no way affects the prosecution." 449 F.2d at 105.

As to 1 U.S.C. § 109, the court said:

"We reject the Government's argument that § 7237(d) should be read as included within § 176a [the section of Title 21 violated in *Stephens*] and attached to the penalty provisions of the

latter section so as to bring both sections within the ambit of § 109. This, in our view, would be extending § 109 beyond its literal coverage and its purpose to obviate abatement, and for no sound reason." *Id.* at 106.

The *Stephens* case arose on petition for writ of mandamus after the district judge sentenced defendants to five years imprisonment and then suspended sentence and put them on probation. The Ninth Circuit did not have before it and did not decide whether the penalty provision of the new Act applied to the old offense.[2] The paragraph of the court's opinion just quoted, and the footnote quoted in note 2, *supra,* however, would seem to imply that it viewed the penalty provision of the old Act as "saved" but simply did not view the limitations of § 7237(d) as part of the penalty.

The Second Circuit had before it, on direct appeal, the square question of whether the penalty provisions of the old statute survived the repeal. The court quoted the two savings clauses and concluded that the defendants were to be sentenced under the old statute.[3] The court noted its disagreement with the result in *Stephens,* apparently viewing *Stephens* as deciding to the contrary.

We believe both cases were rightly decided, but we reject any interpretation of either which would preclude the result reached on the facts of the other.

We believe defendants prosecuted under the old statute must necessarily be sentenced under the old statute. In the present case, the record is not clear on what specific penalty provisions the judge was in fact relying when

---

1. It does not appear that the district court was aware of the *Fiotto* decision, which was released only six days before the first of the two defendants was sentenced. The second was sentenced four days later.

2. The court did say, 449 F.2d 105, n. 5: "This is not to say that the new law, § 404(b) . . ., applies to a § 176a offense. This means simply that the general provisions of § 3651 [of Title 18, applying to probation] are available."

The Ninth Circuit later considered the question before us in United States v. Fithian, 452 F.2d 505 (1971) and came to the same conclusion we have reached.

3. Fiotto, 454 F.2d at 255, citing United States v. Kirby, 176 F.2d 101, 104 (2d Cir. 1949). See also Lovely v. United States, 175 F.2d 312, 317–318 (4th Cir. 1949), cert. denied, 338 U.S. 834, 70 S.Ct. 38, 94 L.Ed. 508.

**4**

he imposed sentence. That question is, however, crucial.

If the judge was sentencing under the new Act, he was clearly acting without authority, because defendants were not charged with violating the new Act. The descriptions of the offenses were changed in the new Act and different penalty provisions were provided consistent with the new structure and scheme of the 1970 Act. The crime to which the penalty provisions of the new Act apply is a legally "different" crime. Defendants below were charged with violating 21 U.S.C. § 174 and a penalty provided for violation of a subsequent statute cannot be imposed.

■ If, on the other hand, the judge was not acting under the new Act, and if—as he did—he deemed the penalty provisions of the old Act inapplicable, it would then follow that he had no authority to impose any sentence at all.[4] Thus, if the "prosecution" is "saved," the penalty must necessarily be saved, whether as part of the "prosecution" under § 1103(a) of the 1970 Act's savings clause or as a "penalty" under 1 U.S.C. § 109, the general savings clause. We cannot attribute to Congress the intent to reach the absurd result of saving a "prosecution" which could not result in the imposition of any penalty.[5]

■ However, when Congress does expressly repeal a statute, we should not read a savings clause so broadly that it encompasses much more than is necessary to achieve its general purpose—preventing the abatement of prosecutions which, at common law, would otherwise have resulted from the repeal of a statute or from a change in the definition of an offense.[6]

■ We therefore agree with the Ninth Circuit that the availability of probation under 18 U.S.C. § 3651, or, for that matter, parole under 18 U.S.C. § 4202 (both of which were unavailable by reason of 26 U.S.C. § 7237(d)), is not part of the penalty. The fact that the penalty provisions of the individual sections of the old Act or the general penalty provisions of § 7237 survive does not mean that the procedural limitation of § 7237(d) must survive. Unlike the situation of the penalty itself—where its repeal would leave no penalty at all for the "saved" "prosecution," the repeal of § 7237(d) merely removed a procedural bar to the application of the independ-

---

4. Respondent argues the 1970 repeal revives the penalty provisions of the old Act which existed prior to a 1951 amendment which added the mandatory provisions. Had the 1970 Act merely repealed or changed the existing penalty provisions rather than the entire existing Act, we might have to examine the problem more closely. However, given the repeal of the entire prior Act (not just the 1951 amendments to it) and the savings clause which applied to the prior act as it existed in 1970, we cannot attribute to Congress the intent to have revived a pre-1951 penalty provision for prosecutions "saved" under the Act as it existed in 1970. We are acutely aware of the seeming inequity of applying harsher penalties than Congress now deems warranted. But if Congress had intended its later leniency to be fully retroactive, it would have been a simple matter for it to have amended the mandatory sentencing provisions as well as repealing § 7237(d).

5. A comment of the Fourth Circuit in Lovely v. United States, 175 F.2d 312, 317–

318 (1949), cert. denied, 338 U.S. 834, 70 S.Ct. 38, 94 L.Ed. 508, is perhaps appropriate:

"The sentence imposed upon accused is undoubtedly severe—perhaps too severe. Congress in enacting Section 2031 of the new Title 18 U.S.C.A. has indicated its conviction that a sentence of life imprisonment might be too harsh a penalty in at least some instances of rape. The District Judge, however, felt that he had no discretion to impose a lesser punishment under the law governing accused's sentence. Any mitigation of the sentence in line with the present views of Congress must now be sought at the hands of the Executive where such discretion is lodged."

6. See the discussion of cases in footnotes 6 and 8 of the Stephens opinion, 449 F.2d at 105–106, including the Supreme Court's decision in United States v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480.

ently existing provisions for suspended sentence, probation and parole which apply generally to most offenses.[7] The new statute restored the availability of the general provisions relating to probation and parole. The availability of these provisions in no way affects the prosecution under the old act and in no way eliminates the penalty.

■ We thus conclude that the Ninth Circuit was correct in holding that the repeal of § 7237(d) has made available, even for prosecutions for offenses committed before May 1, 1971, the generally applicable probation and parole procedures. We also conclude that the Second Circuit was correct in holding that the penalty provisions of the old Act, including the 5-year minimum sentence, must be applied. Since this case involves the applicable penalty provision rather than a question of probation or parole, the district judge erred in relying upon the Ninth Circuit's decision in *Stephens*.[8]

■■ As we analyze the statute, the district judge exceeded his authority. Thus, although we recognize that mandamus is an extraordinary writ to be used only in exceptional circumstances, its issuance is appropriate in this case. Ex Parte United States, 242 U.S. 27, 39, 37 S.Ct. 72, 61 L.Ed. 129; United States v. Lane, 284 F.2d 935, 938–939 (9th Cir. 1960); United States v. Gibbs, 285 F.2d 225, 226 (9th Cir. 1960).

Accordingly, the writ of mandamus is granted and the district court is instructed to vacate the sentences imposed and to resentence defendants pursuant to this opinion.[9]

---

7. As the Ninth Circuit said:

"The Congressional object of avoiding abatements (technical or nontechnical) has never been thought to require the perpetuation of 'remedies' or 'procedures,' as distinguished from substantive 'liabilities.' *See*, United States v. Obermeier, 186 F.2d 243 (2d Cir. 1950); Great Northern Railway Co. v. United States, 208 U.S. 452 [28 S.Ct. 313, 52 L.Ed. 567] (1907); Hertz v. Woodman, 218 U.S. 205 [30 S.Ct. 621, 54 L.Ed. 1001] (1910)." 449 F.2d at 106, n. 8.

8. The district judge apparently did not have before him the Ninth Circuit's decision in United States v. Fithian, 452 F.2d 505 (1971) where that court reached the same result as we have. The Ninth Circuit reaffirmed the position

taken in *Stephens* as to probation, but squarely held "[t]he lesser sentences provided by the new Act do not apply to § 176a, but to new offenses defined in the new Act." *Id.* at 506.

9. The district judge imposed the sentence pursuant to 18 U.S.C. § 4208(a) (2), providing for parole at the parole board's discretion. This particular parole provision would not be applicable on resentencing because Congress expressly made it inapplicable to any offense for which there is provided a mandatory penalty. 72 Stat. 847. It is the general provisions for probation and parole, 18 U.S.C. §§ 3651 and 4202, which had been made inapplicable by 26 U.S.C. § 7237(d), which we view as revived by the repeal of § 7237(d).