**Eulogio ARIAS, Petitioner-Appellant,**

**v.**

**UNITED STATES of America,
Respondent-Appellee.**

**No. 72-2007.**

United States Court of Appeals,
Seventh Circuit.

Argued June 6, 1973.

Decided Sept. 7, 1973.

Melvin B. Goldberg, Legal Assistance for Minnesota Prisoners, Minneapolis, Minn., for petitioner-appellant.

James R. Thompson, U. S. Atty., William T. Huyck and William J. Schilling, Asst. U. S. Attys., Chicago, Ill., for respondent-appellee.

Before PELL and STEVENS, Circuit Judges, and ESCHBACH, District Judge.*

STEVENS, Circuit Judge.

In a collateral attack on his conviction, petitioner alleges that the trial judge accepted his guilty plea without following the procedures mandated by

* Honorable Jesse E. Eschbach of the United States District Court for the Northern District of Indiana is sitting by designation.

Rule 11.[1] The questions presented are whether the Rule was violated and, if so, whether the violation will support a collateral attack pursuant to 28 U.S.C. § 2255.

The facts are somewhat unusual. On July 1, 1970, petitioner was indicted for conspiracy to sell narcotics in violation of 21 U.S.C. § 174 (1964). That statute was repealed by the Comprehensive Drug Abuse Prevention and Control Act of 1970, effective as of May 1, 1971. 84 Stat. 1236. Eighteen days later, on May 19, 1971, petitioner was arraigned.[2] Acting on the advice of retained counsel, he entered a guilty plea.

The transcript of the arraignment is somewhat disjointed because petitioner does not speak English and the services of an interpreter were required. The transcript establishes that petitioner did not participate in an actual sale of drugs. He admitted that he negotiated for the sale of heroin and cocaine and had accepted $20,000 intended as a payment for a kilo of heroin; however, he delivered a bag of sugar, not heroin, to the purchaser. When asked if he had intended to sell heroin, he was at first silent and later gave an ambiguous answer.[3] He admitted telling the purchaser, a government agent, that he was selling heroin, but denied telling him that "he would make up the fact that it was sugar and not heroin."

During the arraignment there was no reference to petitioner's eligibility, or ineligibility, for parole.

Petitioner alleges two violations of Rule 11. The failure to advise him of parole ineligibility as required by United States v. Smith, 440 F.2d 521 (7th Cir. 1971); and the failure to establish that there was a factual basis for the plea. We decide the two points separately.

**I.**

■ The district court held that the failure to advise petitioner that he was not eligible for parole was harmless error because our decision in United States v. McGarr, 461 F.2d 1 (7th Cir. 1972), has subsequently made him eligible. Petitioner argues that the voluntariness of his plea must be tested by his understanding at the time it was entered, and if he was then misinformed about the consequences of his election, the plea was involuntary. Before deciding whether the alleged error was harm-

---

1. "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature and the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." Rule 11 Fed.R. Crim.P.

2. Pending prosecutions under § 174, such as this case, were preserved by § 1103 of the Act. 84 Stat. 1294.

3. "THE COURT: Well, did—Will you ask him if he did at one time negotiate with the agents, intending to sell them a narcotic drug.

"(Translation made.)

"THE COURT: Ask him—Will you tell him that if he pleads guilty to this charge, that he could be sent to the penitentiary for anywhere from five to twenty years and fined as much as $20,000 and also that this is an offense that does not carry any term —any probationary term and that there must be a minimum sentence of at least five years.

"(Translation made.)

"THE DEFENDANT: Yes, I understand.

"THE COURT: He understands that?

"THE DEFENDANT: Yes, I understand —." Tr. 6.

The absence of a specific response to the first question is not inconsistent with an affirmative answer because at several points in the transcript no oral answer is reflected although it is quite obvious that the court received the impression that the petitioner understood the question and gave some indication of an affirmative answer. In accepting the plea, the trial judge apparently was satisfied that appellant thought the bag contained heroin rather than sugar.

less, we must first determine whether or not any error was committed.

In their briefs, the parties interpret our decision in *McGarr* as effecting a change in the law and thereby making persons convicted of violating 21 U.S.C. § 174 eligible for parole. But *McGarr* did not change the law. If *McGarr* is correctly decided,[4] the law was changed by Congress when it repealed § 7237(d) effective as of May 1, 1971. On that premise, petitioner was not ineligible for parole in consequence of his conviction on May 19, 1971. Accordingly, if petitioner then assumed that the normal parole conditions would apply to him, his assumption was correct. On the other hand, if he assumed that he would be ineligible, there was no need to give him this advice; for on that assumption the rationale of *Smith* is inapplicable.

For this branch of petitioner's attack to prevail, we would have to conclude that the Supreme Court will ultimately rule (a) that *McGarr* is incorrectly decided, and (b) that the majority in *Smith* correctly held that this omission is a violation of Rule 11 which entitles petitioner to relief pursuant to § 2255. Under our present understanding of the law, this part of petitioner's claim must fail.

## II.

The second issue is actually composed of two parts. Petitioner argues that the transcript does not adequately demonstrate that he understood the nature of the charge against him or that there was a factual basis for the plea. The character of petitioner's understanding would affect the voluntariness of his plea and therefore might have constitutional significance. The requirement in Rule 11 that the court be satisfied that

there is a factual basis for the plea relates to the guilt or innocence of the defendant and not necessarily to the issue of voluntariness.

On the question of petitioner's understanding of the charge, the transcript does reflect a clear and complete explanation to him in open court. That explanation, coupled with the presence of competent retained counsel,[5] is sufficient to establish that he did understand the essence of the indictment. Indeed, his § 2255 petition does not allege a lack of understanding of the charge. We therefore are satisfied that the plea was entered voluntarily.

The second part of this issue is more difficult. We agree that if petitioner had stood trial on the conspiracy charge against him, the government would have had to prove that he intended to engage in, or to agree with others to engage in, an actual sale of narcotics. The record of his arraignment, however, does not show that he expressly admitted such intent. While the record contains numerous factual admissions which might arguably support conviction, the district judge did not make as complete and unambiguous a record of "the factual basis for the plea" as is contemplated by Rule 11. If this case were here on direct appeal from defendant's conviction, we might well conclude that these shortcomings constitute reversible error. See McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. On collateral attack under § 2255, however, petitioner must show that the error is constitutional or jurisdictional in character before he may obtain relief. Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417.

We do not believe that the failure to make a more complete record of

4. The Supreme Court noted but expressly declined to decide this question in Bradley v. United States, 410 U.S. 605, 611, 93 S.Ct. 1151, 35 L.Ed.2d 528.

5. "THE COURT: . . . Now, the record may show that defendant Arias is here in Court in person and by his attorney,

and I will ask you, Mr. Wolfe, if you have explained to your client through the interpreter the effect and consequences of his plea?

"MR. WOLFE: Yes, I have, your Honor. We have explained it to him thoroughly . . . ." Tr. 2.

**580**

the factual basis for the plea in this case was constitutional or jurisdictional error. The transcript reveals facts from which the court could reasonably infer that petitioner was actually guilty of the charge. Acting with the advice of counsel, he expressly and voluntarily pleaded guilty to a charge which he fully understood. Attaching appropriate weight to the presence of counsel, we do not believe acceptance of petitioner's plea infringed his constitutional rights.

We are therefore persuaded that the § 2255 petition was properly dismissed.

Affirmed.