**UNITED STATES of America ex rel.
Benigno MARRERO, Appellant,**

v.

**WARDEN, LEWISBURG PENITENTIARY.**

No. 72-1842.

United States Court of Appeals,
Third Circuit.

Submitted May 14, 1973.

Decided Aug. 27, 1973.

Certiorari Granted Jan. 7, 1974.
See 94 S.Ct. 865.

**658**

Harry C. Batchelder, Jr., Brooklyn, N. Y., John J. Witmeyer, III, John B. Sherman, New York City, Stewart Dalzell, Drinker, Biddle & Reath, Philadelphia, Pa., for appellant.

S. John Cottone, U. S. Atty., Harry A. Nagle, Lewisburg, Pa., for appellee.

Before GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

The major question raised by this appeal is whether a prisoner, ineligible for parole at the time he was sentenced under the provisions of the penal statute for which he was convicted, became eligible for parole when the penal statute was subsequently repealed by the Comprehensive Drug Abuse Prevention and Control Act of 1970. Resolution of the question requires analysis of: (1) the proper forum in which to make such a claim of parole eligibility, (2) the nature of parole and its relation to sentencing, and (3) two congressional "saving provisions" for repealed criminal statutes.

Benigno Marrero was tried to a jury and convicted on May 27, 1970, in the United States District Court for the Southern District of New York, of possessing and selling heroin in violation of 21 U.S.C. §§ 173 and 174 and 26 U.S.C. §§ 4701, 4703, 4704(a), 4771(b), and 7237(a). As a second offender, he was sentenced to mandatory minimum terms of ten years on each of two counts, the sentences to run concurrently. His conviction was affirmed by the Second Circuit. 450 F.2d 373 (2d Cir. 1971), cert. denied, 405 U.S. 933, 92 S.Ct. 991, 30 L. Ed.2d 808 (1972). He now appeals the denial on July 26, 1972, by the United States District Court for the Middle District of Pennsylvania, of his petition for writ of habeas corpus.

In his habeas petition, appellant alleged that he was being unlawfully detained because 26 U.S.C. § 7237(d),[1] which was in effect at the time of his sentencing and precluded his parole eligibility, had been repealed effective May 1, 1971, by § 1101(b)(4)(A) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, 84 Stat. 1292. He alleged that repeal of § 7237(d) made him eligible for parole in September 1973 under 18 U.S. C. § 4202. He did not allege that the United States Board of Parole or any other authority had decided that § 4202 would not be applied to him or that he would not be eligible for parole in September 1973, but he contended that habeas corpus is nonetheless an appropriate remedy at this time to determine his status vis-a-vis parole. We think habeas

---

1. 26 U.S.C. § 7237(d) provided:

Upon conviction—

(1) of any offense the penalty for which is provided in subsection (b) of this section, subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, or

(2) of any offense the penalty for which is provided in subsection (a) of this sec-

tion, if it is the offender's second or subsequent offense,

the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a violation of a law relating to narcotic drugs, section 4202 of title 18, United States Code, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply.

relief is merited and therefore reverse the district court's denial of relief.

## I

█ The first question that we must address is the applicability of the exhaustion of administrative remedies doctrine. That doctrine deserves comment because appellant did not seek any relief from the Board of Parole before instituting this action.

█ The basic premises underlying the exhaustion requirement are that (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors. Waddell v. Alldredge, 480 F.2d 1078 (3d Cir., 1973); McKart v. United States, 395 U.S. 185, 194–195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

We find none of the basic goals of the administrative exhaustion doctrine would be served in the present case were we to direct the appellant to seek relief from the Board of Parole before judicial action. The issue here of the availability of parole under § 4202 involves only statutory construction. No administrative record or expertise is therefore required. The second and third premises above are also inapplicable because the Board of Parole has taken a firm position that § 4202 is unavailable to prisoners in appellant's situation.

█ Whether to require exhaustion is discretionary. If pursuing an administrative remedy would be futile, the requirement may be waived. City Bank Farmers Trust Co. v. Schnader, 291 U.S. 24, 34, 54 S.Ct. 259, 78 L.Ed. 628 (1934); see 3 Davis, Administrative Law Treatise, § 20.07, at 99 (1958). We are especially reluctant to require exhaustion when, as here, both parties agree administrative proceedings would be futile. Moreover, as appellant points out, this habeas petition was filed in January 1972, and more than 19 months have already elapsed. Subjecting him to any further unnecessary delay would be unconscionable. The unfairness in such unnecessary protraction · of litigation partially underlay the Supreme Court's decision in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), that a prisoner serving consecutive sentences can challenge his later sentences before beginning to serve them. 391 U.S. at 64, 88 S.Ct. 1549. We therefore decline to invoke the exhaustion doctrine here.[2]

██ We · also reject the Government's contention that because parole eligibility does not automatically entitle a prisoner to parole, "the proper remedy would not be habeas corpus but rather a petition for writ of mandamus to compel the Parole Board to consider appellant for parole." Immediate and unconditional release is not the only remedy available in a habeas corpus proceeding. Peyton v. Rowe, 391 U.S. at 66–67, 88 S.Ct. 1549. An improper denial of parole eligibility is a sufficient restraint

2. In Soyka v. Alldredge, 481 F.2d 303 (3d Cir., 1973), we held that a habeas corpus petition seeking credit for time spent in custody prior to sentencing was premature pending exhaustion of administrative remedies. The petitioner claimed that he was legally entitled to credit under 18 U.S.C. § 3568. We dismissed the petition because he did not show that "the Attorney General or the Director of the Bureau of Prisons has refused to afford him credit to which he is legally entitled." We reasoned:

There are no circumstances present which suggest that the Attorney General will fail to perform his duty and grant credit where it is warranted. Soyka should therefore exhaust the administrative means at his disposal before judicial review will be appropriate.

(481 F.2d at page 306).

Nonetheless, Soyka is inapposite here because both parties acknowledge that the official position of the United States Board of Parole is that parole under § 4202 was made unavailable by 26 U.S.C. § 7237(d) for persons convicted of an offense committed before May 1, 1971, the effective date of the Comprehensive Drug Abuse Prevention and Control Act of 1970.

to justify habeas corpus relief. Williams v. Peyton, 372 F.2d 216 (4th Cir. 1967); Martin v. Commonwealth of Virginia, 349 F.2d 781 (4th Cir. 1965); *see also* Halprin v. United States, 295 F.2d 458 (9th Cir. 1961).[3]

## II

The district court denied appellant's habeas petition on two grounds: (1) it lacked jurisdiction since a remedy in the sentencing court is provided by 28 U.S.C. § 2255; and (2) the repeal of § 7237(d) did not affect appellant's eligibility for parole because he was convicted and sentenced prior to the effective date of the repeal. We think the court erred on both grounds.

Section 2255 provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has

denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Relief is available under § 2255 for a prisoner who claims he has been sentenced illegally. The statute requires him to "move *the court which imposed sentence* to vacate, set aside or correct the sentence." [Emphasis added.]

■ In the present case, however, appellant has not requested vacation or correction of his sentence. His petition, although not very specific, in essence requests a determination of the applicability of a statute, the operation of which is automatic and beyond the control of the sentencing court. We note that the judgment of conviction mentions neither § 7237(d) nor appellant's eligibility for parole. Section 2255 therefore does not require that appellant return to the Southern District of New York, his sentencing court, to seek the relief he now asks. Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973); Halprin v. United States, 295 F.2d 458, 459 (9th Cir. 1961).

---

3. Peyton v. Rowe, overruling McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), and thereby upholding habeas corpus jurisdiction to challenge an illegal sentence which a prisoner had not yet begun serving, does not necessarily dictate our conclusion in this case, because an illegal sentence to be served in the future would definitely deprive the prisoner of his freedom at some later date. Marrero would not definitely be deprived of freedom by the failure to hold a parole hearing because the parole board, in its discretion, could deny parole. Nonetheless, we think *Peyton's* liberal view of the breadth of the writ indicates the propriety of habeas corpus jurisdiction here.

Jones v. Cunningham, 371 U.S. 236, 83 S. Ct. 373, 9 L.Ed.2d 285 (1963), also suggests this conclusion. In *Jones*, the Court found habeas jurisdiction to challenge a sentence on which the prisoner had been paroled and, thus, released from prison. It held that the restraints imposed on a parolee's freedom were sufficient to invoke the "great Writ." It noted:

[The writ] is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose—the protection of individuals against

erosion of their right to be free from wrongful restraints upon their liberty. 371 U.S. at 243, 83 S.Ct. at 377.

Reviewing *Peyton* and *Jones*, the Fourth Circuit reached exactly the same conclusion as we have, in Martin v. Commonwealth of Virginia, 349 F.2d 781, 784 (4th Cir. 1965):

We therefore hold, in keeping with the spirit of these developments, that because Martin's escape and larceny convictions bar his eligibility for parole, he is "in custody" within the meaning of 28 U.S.C. A. § 2241.

The district court in the instant case did not discuss the question of the ripeness of the issues for adjudication. At the time Marrero's habeas petition was filed, he was unquestionably ineligible for parole under 18 U.S.C. § 4202, because one-third of his sentence had not expired. According to a letter dated July 18, 1973, submitted to this court by the United States Attorney, however, Marrero's parole eligibility date under § 4202 would be June 20, 1973, not September 1973 as appellant alleged. There is, therefore, no problem of ripeness at this time, and we need not decide whether Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), would justify habeas corpus relief prior to the eligibility date.

■ Our conclusion that relief need not be sought from the sentencing court is supported by the nature of the parole decision and its clear differences from sentencing. Parole is vested, subject to statutory limitations, in an administrative parole board which, in the federal system, is appointed by the President. 18 U.S.C. § 4201.[4] The parole mechanism provides the prisoner with an administrative release prior to the completion of his judicially prescribed sentence. It is aimed at rehabilitating the parolee and facilitating his reintegration into society by the time his sentence expires. Its importance lies in offering prisoners an opportunity for release from penal institutions before the expiration of their maximum term and, hopefully, for their successful reintegration into society as useful, productive persons. It also serves to relieve society from the heavy burden of keeping persons in prison. *See* Morrissey v. Brewer, 408 U.S. 471, 477, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Comment, The Parole System, 120 U.Pa.L.Rev. 282, 284 (1971). Parole has become an integral and vigorous part of our modern penological system. "Rather than being an *ad hoc* exercise of clemency, parole is an established variation on impriosnment of convicted criminals." 408 U.S. at 477, 92 S.Ct. at 2598. Parole thus involves implementing a prisoner's sentence in the manner deemed best suited to attain the primary goals of criminal punishment, rehabilitation of the prisoner and protection of society from future deviant behavior. It does not involve modification of the sentence imposed.

The parolee is not granted the unconditional freedom of the ordinary citizen. The prisoner, upon parole release, agrees to abide by certain rules during the balance of his sentence. The rules are designed to accomplish the parole purposes of rehabilitation of the prisoner and protection of society. The parolee is usually required to report regularly to a parole officer and sometimes to make written reports of his activities. His travel is ordinarily limited. He is forbidden from associating with other parolees or convicted criminals. In addition, permission is often required before changing employment or marrying. *See* 408 U.S. at 478, 92 S.Ct. 2593; 120 U.Pa.L.Rev. at 308.

For these reasons, we have concluded that the requested relief in this case is not authorized under § 2255 and that a habeas corpus petition presented to a district court judge in the district in which the prisoner is incarcerated is therefore proper.

### III

■ We thus meet the basic issue: is the prisoner eligible for the benefits of § 4202? It is first necessary to understand the statutes involved. 18 U.S.C. § 4202 authorizes the release on parole of a federal prisoner after serving one-third of his sentence. 26 U.S.C. § 7237(d) prohibited parole under § 4202 for prisoners convicted of certain narcotics offenses, including Marrero's crimes. Section 7237(d), however, was repealed effective May 1, 1971, by the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, § 1101(b)(4)(A), 84 Stat. 1292. The question is whether that repeal is effective as to Marrero, who was convicted and sentenced on May 27, 1970. The answer depends on the interpretation of the savings provision of the 1970 Act, § 1103(a), 84 Stat. 1294, and the general statutory savings provision, 1 U.S.C. § 109.

Section 1103(a) of the Comprehensive Drug Abuse Prevention and Control Act provides:

> Prosecution for any violation of law occurring prior to the effective date of section 1101 [(May 1, 1971)] shall not be affected by the repeals or

---

4. *See* United States v. Bradley, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973):

The decision to grant parole under § 4202 lies with the Board of Parole, not with the District Judge, and must be made long after sentence has been entered and the prosecution terminated.

amendments made by such section or section 1102, or abated by reason thereof.

The effect of § 1103(a) on parole eligibility under § 4202 has not been decided by the Supreme Court. Its decision in Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), on a related matter, however, is instructive. *Bradley* involved parole eligibility under 18 U.S.C. § 4208(a), which authorizes the court imposing sentence to designate *in the sentence* early parole eligibility.[5] Congress had specifically provided that § 4208(a) does not apply to any offense carrying a mandatory penalty. Pub.L. 85–752, § 7, 72 Stat. 847 (1958). The Comprehensive Drug Abuse Prevention and Control Act of 1970 repealed the mandatory sentence for the crime Bradley committed. Bradley committed the crime before the effective date but was sentenced after it. The Court held that the repeal did not render Bradley eligible for parole under § 4208(a) because of the savings clause in § 1103(a). It reasoned that the word "prosecution" in § 1103 included sentencing and that sentencing constituted the judgment in a criminal case. Because the "decision to make early parole available under § 4208(a) must be made '[u]pon entering a judgment of conviction'" and therefore prior to the termination of the prosecution, it concluded that § 1103(a) barred parole under § 4208(a). The Court noted that the availability of parole under § 4202 "is a rather different matter, on which we ex-

press no opinion." 410 U.S. at 612, 93 S.Ct. at 1156. Justices Brennan and White concurred in the decision but indicated without discussion their belief that parole under § 4202 was similarly unavailable.

Although *Bradley* did not decide the § 4202 question, it made clear that the decision to grant parole *under § 4202 occurs* "long after sentence has been entered and the prosecution has terminated."[6] In light of that statement and our previous analysis of the nature of parole, we hold that "prosecution" under § 1103(a) does not include the § 4202 parole eligibility decision, and therefore, does not bar Marrero from parole eligibility. A granting of parole does not affect the mandatory minimum sentence, only how it is executed.

United States v. Caldwell, 463 F.2d 590 (3d Cir. 1972), United States v. Fiotto, 454 F.2d 252 (2d Cir. 1972), and United States v. Stephens, 449 F.2d 103 (9th Cir. 1971), are inapposite here because they did not involve the effect of § 1103(a) on § 4202, the general parole statute; they involved, as did *Bradley*, decisions pertaining to sentencing.

■ The only remaining issue is the effect of 1 U.S.C. § 109, which provides in relevant part:

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so provide,

---

5. 18 U.S.C. § 4208(a) reads:
Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which may be less than, but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the

court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine.

6. The Supreme Court has, in another context, specifically held that the "criminal prosecution" does not include the parole decision. In Morrissey v. Brewer, 408 U.S. at 480, 92 S.Ct. at 2600, the Court held that the rights guaranteed by the sixth amendment in "criminal prosecutions" do not apply in a parole revocation proceeding. It noted that, "Parole arises after the end of the criminal prosecution, including imposition of sentence."

and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

This general savings statute was intended to obviate the common law's technical abatement of a prosecution by the repeal of the statute under which it proceeded. Hamm v. Rock Hill, 379 U.S. 306, 314, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964). Therefore, the statute's purpose would not be furthered by applying it to preclude Marrero's parole eligibility under § 4202. His conviction and sentence will remain intact even if he is paroled. We therefore hold that permanent parole ineligibility is not a "penalty" incurred under § 7237(d).[7] We read § 7237(d)'s preclusion of parole as a dated legislative judgment as to the manner by which the actual penalty, i. e., the prison sentence, should be effectuated. To read it otherwise would preclude carrying out the apparent congressional judgment, in repealing the parole ban, that the rehabilitative goals of the criminal justice system will be furthered by parole. Moreover, we can find no rational basis that would justify barring parole for persons convicted of crimes committed before the Act's effective date, yet granting it to persons convicted of subsequent crimes. To the extent parole aids prisoner rehabilitation and consequently strengthens the tensile fabric of society, it is important that we avoid technical, purposeless construction which runs counter to the congressional plan to encourage prison rehabilitation.

The judgment of the district court will be reversed and the case remanded for the entry of judgment granting the writ of habeas corpus with the direction that Marrero be released if he is not considered for parole within 60 days.

---

7. Although we stated in *Caldwell* that 1 U.S.C. § 109 preserves the "penalties" prescribed by § 7237(d), 463 F.2d at 594, we did not decide that the bar to parole under § 4202 was a "penalty."