491 F.2d 825
 Fernando GARZA, Plaintiff-Appellee,
v.
Maurice H. SIGLER, Chairman, U.S. Board of Parole, et al.,
Defendants-Appellants.*
*Consolidated with; Francisco Marizal
v.
Sigler; Carl McFadden v. Pickett; James D. Oree v. Reed;
Paul Kirby v. Pickett; Rogerio Bella v. Pickett; Dillard
Morrison v. Sigler; Roy J. Travis v. Sigler; Salvador Cantu
Vasquez v. Sigler; Ronald Bowman v. Sigler; Joe M. Mendoza v. Sigler.
 Nos. 73-1570 to 73-1572, 73-1583, 73-1584, 73-1831, 73-1874,
73-1844, 73-2011, 73-1873, 73-2012.
 United States Court of Appeals, Seventh Circuit.
 Feb. 6, 1974.
 
 Henry A. Schwarz, U.S. Atty., William C. Evers, III, Asst. U.S. Atty., E. St. Louis, Ill., for defendants-appellants.
 Fernando Garza, Francisco Marizal, Carl McFadden, James D. Oree, Paul Kirby, Rogerio Bella, Dillard Morrison, Roy J. Travis, Salvador Cantu Vasquez, Ronald Bowman and Joe M. Mendoza, all pro se.
 Before CUMMINGS, PELL and STEVENS, Circuit Judges.
 PELL, Circuit Judge.
 
 
 1
 In these eleven cases, consolidated for disposition, the Government appeals from district court orders, each of which concluded by ordering that the respondents provide the petitioner with a parole hearing, in accordance with law. Each of the petitioners was a prisoner confined in the United States Penitentiary at Marion, Illinois. Each had filed a pro se petition seeking to establish a claim for eligibility for parole. All but two of the petitions sought mandamus or, in the alternative, habeas corpus. Two sought only mandamus relief.
 
 
 2
 The respondents, although varying from case to case, had to do with the custody of the prisoners or with the determination that they were ineligible to be considered for parole. The petitioners named the warden or the chairman of the Board of Parole or, frequently, both. The Director of the Federal Bureau of Prisons was also named as a respondent in two petitions. The captions of most of the petitions contained an 'et al.' designation, which received no further elaboration. The Government, however, does not claim that any of the petitions is defective for failing to name a party respondent having it in his power to carry out the order of the district court. In any event, inasmuch as the same result is reached on this appeal as to all of the cases, the matter of implementation by such further order as may be necessary can be handled on remand.
 
 
 3
 Each of the petitioners had been convicted of and sentenced for narcotics offenses prior to May 1, 1971, the effective date of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. 801 et seq. The Act had repealed the statutes under which petitioners had been convicted. All of the petitioners would have been eligible for parole consideration under 18 U.S.C. 4202[1] if that section was no longer proscribed for those who were convicted under repealed sections 21 U.S.C. 173, 174, and 176, and 26 U.S.C. 4704 and 4705.
 
 
 4
 Inasmuch as the same question of statutory construction is involved in each of the appeals, which matter has been adequately briefed, pursuant to Rule 2, Fed.R.App.P., we dispense with further briefing and oral argument.
 
 
 5
 The impact of the repeal effected by 21 U.S.C. 801 et seq., was before this court in United States v. McGarr, 461 F.2d 1, 4 (7th Cir. 1972), in which this court agreed with the Ninth Circuit 'that the availability of probation under 18 U.S.C. 3651, or, for that matter, parole under 18 U.S.C. 4202 (both of which were unavailable by reason of 26 U.S.C. 7237(d)), is not part of the penalty.' The present issue, however, was not directly involved in McGarr.[2] Subsequent to the issuance of that opinion, the Supreme Court in Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), held that a 'prosecution' only terminates when sentence is imposed, and that under the specific saving clause of the Comprehensive Drug Abuse Prevention and Control Act of 1970, section 1103(a), a district court in sentencing one convicted under the repealed acts which were 'saved' could not suspend sentence or place the prisoner on probation under 18 U.S.C. 4208(a).
 
 
 6
 Mr. Justice Brennan and Mr. Justice White in a concurring opinion expressed the view that 1103(a) forecloses the availability of parole not only under 18 U.S.C. 4208(a), permitting a court at sentencing to establish the time for parole eligibility, but also under 18 U.S.C. 4202. The majority of the Court, however, speaking through Mr. Justice Marshall, declined to reach the 4202 question stating, 'whether 1103(a) or the general saving statute, 1 U.S.C. 109, limits (the decision of the Board of Parole to grant parole at a time long subsequent to prosecution) is a question we cannot consider in this case.' 410 U.S. at 611 n. 6, 93 S.Ct. at 1156. The majority opinion also stated that the 'disposition of this case has no bearing on the power of the Board of Parole to consider parole eligibility for petitioners under 18 U.S.C. 4202.' 410 U.S. at 610 n. 5, 93 S.Ct. at 1155.
 
 
 7
 Subsequent to Bradley, at least five circuits have addressed themselves to the specific issue raised by the present appeals. No doubt others are being presented with the question. In any event, four of the circuits have decided the question adversely to the position of the Government, which coincides with the view expressed by Justices Brennan and White: United States ex rel. Marrero v. Warden, 483 F.2d 656 (3d Cir. 1973), cert. granted, 414 U.S. 1128, 94 S.Ct. 865, 38 L.Ed.2d 752; United States v. Marshall, 485 F.2d 1062 (D.C.Cir.1973); Alvarado v. McLaughlin, 486 F.2d 541 (4th Cir. 1973); Amaya v. United States Board of Parole, 486 F.2d 940 (5th Cir. 1973). Contra: Perea v. United States Board of Parole, 480 F.2d 608 (10th Cir. 1973).
 
 
 8
 Not on a numerical basis but because we find the reasoning more persuasive in the four circuits which have decided the 4202 issue adversely to the Government's position, we adopt the conclusion of those circuits. Perea, which was the first in time of the cases cited above, reaches the opposite result on a rather cursory analysis of the impact of 1 U.S.C. 109, the Code's general saving clause. We accept, as did the court in Amaya, the analysis by Judge Rosenn in Marrero:
 
 
 9
 'The only remaining issue is the effect of 1 U.S.C. 109, which provides in relevant part:
 
 
 10
 The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. 'The general savings statute was intended to obviate the common law's technical abatement of a prosecution by the repeal of the statute under which it proceeded. Hamm v. Rock Hill, 379 U.S. 306, 314, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964). Therefore, the statute's purpose would not be furthered by applying it to preclude Marrero's parole eligibility under 4202. His conviction and sentence will remain intact even if he is paroled. We therefore hold that permanent parole ineligibility is not a 'penalty' incurred under 7237(d). We read 7237(d)'s preclusion of parole as a dated legislative judgment as to the manner by which the actual penalty, i.e., the prison sentence, should be effectuated. To read it otherwise would preclude carrying out the apparent congressional judgment, in repealing the parole ban, that the rehabilitative goals of the criminal justice system will be furthered by parole. Moreover, we can find no rational basis that would justify barring parole for persons convicted of crimes committed before the Act's effective date, yet granting it to persons convicted of subsequent crimes. To the extent parole aids prisoner rehabilitation and consequently strengthens the tensile fabric of society, it is important that we avoid technical, purposeless construction which runs counter to the congressional plan to encourage prison rehabilitation.' 483 F.2d at 662-663.
 
 
 11
 This aspect of the issue was discussed by this court in McGarr,supra, and as to matters subsequent to the sentencing portion of prosecution we reaffirm what was said there:
 
 
 12
 'The fact that the penalty provisions of the individual sections of the old Act or the general penalty provisions of 7237 survive does not mean that the procedural limitation of 7237(d) must survive. Unlike the situation of the penalty itself-- where its repeal would leave no penalty at all for the 'saved' 'prosecution,' the repeal of 7237(d) merely removed a procedural bar to the application of the independently existing provisions for suspended sentence, probation and parole which apply generally to most offenses. The new statute restored the availability of the general provisions relating to probation and parole. The availability of these provisions in no way affects the prosecution under the old act and in no way eliminates the penalty.' 461 F.2d at 4-5.
 
 
 13
 We must also address the matter of the applicability of the exhaustion of administrative remedies doctrine because it is not entirely clear from the record that the petitioners did seek relief from the Board of Parole before instituting their actions. If they did not in fact, we would hold it unnecessary here and would accept the analysis of this issue by the Marrero court. We have a somewhat unusual situation, however, occasioned by a footnote in Bradley, supra, in which Mr. Justice Marshall stated,
 
 
 14
 'We were informed at oral argument that 'the Board of Parole is now considering as eligible for parole only defendants who have been sentenced in the Seventh and Ninth Circuits for narcotics offenses." 410 U.S. at 610 n. 5, 93 S.Ct. at 1155.
 
 
 15
 At first blush, the statement about the Seventh Circuit might be taken as indicating that because the Board of Parole was considering narcotics offenders in the Seventh Circuit as being eligible for parole, the petitioners indeed should have exhausted their administrative remedies since the effort would have been crowned with success. However, if counsel, who is quoted in the footnote, used language exactly and precisely, the words would have no application to the present cases because, insofar as we can discern from the record, most, if not all, of the petitioners were sentenced in district courts in circuits other than the Seventh. In any event, it is obvious from the record that the Government is taking the position that these particular petitioners are not eligible under 4202 and, following the Marrero reasoning, we do not require them to pursue an administrative remedy presently not available to them.
 
 
 16
 For the reasons hereinbefore indicated, we are of the opinion that the district court reached the correct conclusion as to the petitioners being eligible for consideration for parole under 4202.[3] We do not agree, however, that mandamus was proper under the circumstances here presented. Apparently, or it has been so represented to the Supreme Court, some narcotics prisoners with some connection with the Seventh Circuit are being considered eligible when they have met the time requirements of 4202. We do not believe that the Board of Parole would ignore the holding of this court as to eligibility under the circumstances of these cases, which involve convictions occurring prior to the effective date of the Comprehensive Drug Abuse Prevention and Control Act of 1970. Nor do we deem it necessary at this time to provide for any conditional release. Rather, in the words of Judge Gee in Amaya, supra, 'we vacate and remand to the District Court for further proceedings[4] with the Board of Parole being required within a reasonable time to receive and thereafter consider and diligently process (the petitioners' applications.) We emphasize that all we hold is that (they are) eligible to be considered for parole, and nothing said or unsaid is any judgment or intimation on what action the Board of Parole should or must take, or what, if any, judicial review may be available from such action, and if available, where or in what form.' 486 F.2d at 943.
 
 
 17
 Vacated and remanded.
 
 
 
 [1]
 '4202. Prisoners eligible
 A federal prisoner, other than a juvenile delinquent or a committed youth offender, wherever confined and serving a definite term or terms of over one hundred and eighty days, whose record shows that he has observed the rules of the institution in which he is confined, may be released on parole after serving one-third of such term or terms or after serving fifteen years of a life sentence or of a sentence of over forty-five years.'
 
 
 [2]
 The primary question in McGarr was whether, in light of the general and specific saving provisions, the mandatrory minimum sentence provision of the repealed narcotics statute was still in effect
 
 
 [3]
 This opinion has been circulated to the judges of this court in regular active service and no judge has requested that the determination of the issue reached in this opinion as to eligibility for parole should be heard en banc
 
 
 [4]
 Inasmuch as both the district court and this court have heretofore denied stays of the orders entered by the district court, it is entirely possible that consideration has been given by the Parole Board to granting parole to some at least of the petitioners-plaintiffs. The district court on remand will of necessity have to determine on a case-by-case basis which if any of the cases may have been rendered moot and which may require further proceedings consistent with the foregoing opinion