Fernando GARZA, Plaintiff-Appellee,

v.

Maurice H. SIGLER, Chairman, U. S. Board of Parole, et al., Defendants-Appellants.

No. 73–1570.*

United States Court of Appeals, Seventh Circuit.

July 23, 1974.

---

* Consolidated with:
  Francisco Marizal v. Sigler, 73–1571; Carl McFadden v. Pickett, 73–1572; James D. Oree v. Reed, 73–1583; Paul Kirby v. Pickett, 73–1584; Rogerio Bella v. Pickett,

73–1831; Dillard Morrison v. Sigler, 73–1874; Roy J. Travis v. Sigler, 73–1844; Salvador Cantu Vasquez v. Sigler, 73–2011; Ronald Bowman v. Sigler, 73–1873; Joe M. Mendoza v. Sigler, 73–2012.

Before CUMMINGS, PELL and STEVENS, Circuit Judges.

PELL, Circuit Judge.

This matter is before the court on the motion for rehearing filed by the defendants-appellants.

The court by its opinion dated February 6, 1974, vacated the orders of the district court in the various cases on appeal and remanded for further proceedings in accordance with the opinion of this court.

For the reasons stated in the opinion this court held that the district court had reached the correct result but had applied an improper remedy.

Subsequent to the filing of the opinion in this case, the mandate of this court was recalled in view of the pendency in the Supreme Court of the United States of United States ex rel. Marrero v. Warden, 483 F.2d 656 (3d Cir. 1973).

On June 19, 1974, the Supreme Court rendered its opinion, reversing the Third Circuit and holding that 1 U.S.C. § 109 and Section 1103(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 84 Stat. 1294, barred parole eligibility, under 18 U.S.C. § 4202, for persons convicted, prior to May 1, 1971, under 26 U.S.C. § 7237(d), Warden v. Marrero, 417 U.S. 653, 94 S. Ct. 2532, 41 L.Ed.2d 383 (1974).

In view of the holding in *Marrero*, we are compelled to determine that the district court did not reach the correct conclusion. Thus, the judgments of this court entered on February 6, 1974, are now vacated and set aside. It is further ordered that the orders heretofore entered in the district court shall be vacated and set aside and the petitions in the district court shall be dismissed.

These causes are remanded to the district court for proceedings in accordance herewith.