Louis **LEPORE**, Petitioner,

v.

**R. O. ANDERSON, J. Andrachio and United States of America,** Respondents.

Civ. A. No. 78-216.

United States District Court, M. D. Pennsylvania.

April 6, 1978.

---

v.

CHARLIE WOOD, INC., Defendant.

Civ. A. No. 77–74–MAC.

United States District Court,
M. D. Georgia,
Macon Division.

April 7, 1978.

## MEMORANDUM

HERMAN, District Judge.

The United States Magistrate has filed a Report recommending that the above-captioned habeas corpus matter be denied for failure to exhaust administrative remedies. The Magistrate notes, at page 4 of his Report, that the administrative appeal process can, ideally, be exhausted in about two months' time. Petitioner, however, alleges that he is entitled to mandatory release on May 9, 1978, scarcely more than one month away.

If Petitioner is correct in his contention that he is entitled to release on May 9, the exhaustion of administrative remedies will probably result in his remaining incarcerated beyond his release date.

Given the present procedural posture, we disagree with the Magistrate's conclusion that exhaustion should be insisted on in this case. The exhaustion requirement is discretionary, *United States ex rel. Marrero v. Warden,* 483 F.2d 656, 659 (3d Cir. 1974), rev'd on other grounds, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974); and where to insist on exhaustion may cause Petitioner to be wrongfully confined pending final resolution of the matter, we think it more just to reach the merits of the matter at this time. We note, however that Petitioner has neither paid the five-dollar filing fee nor moved for leave to proceed in forma pauperis. No action can be taken until leave to proceed in forma pauperis is granted or the fee is paid. A rule to show cause will issue as soon as either of these actions has been taken.