Khidhr Adl ABDUL-KHABIR

v.

A. J. LICHTENBERGER, et al.

Civ. A. No. 80-0858-R.

United States District Court,
E. D. Virginia,
Richmond Division.

July 22, 1981.

Khidhr A. Abdul Khabir pro se.

Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

Khidhr A. Abdul Khabir, a/k/a Quincy Davis, an inmate at the Federal Correctional Institution at Petersburg, Virginia, proceeding *pro se* and *in forma pauperis,* brings this *Bivens* -type action under the provisions of 28 U.S.C. § 1331, seeking damages, injunctive and declaratory relief for alleged violations of his constitutional rights.

Plaintiff claims that during an incident which occurred on 28 July 1980, during which time he was in the midst of prayer in furtherance of his religious practices, he was assaulted, pushed to the floor and threatened by defendant Lichtenberger. The plaintiff further claims that Lichtenberger brought misconduct charges against him because of the plaintiff's threat to report the defendant's behavior to his superiors. While the plaintiff claims that the institution discipline committee found him innocent of the charges brought by Lichtenberger, the plaintiff asserts that the committee chairman, defendant Curd, violated his rights by destroying all of the paperwork concerning the charges which had been brought against him. Plaintiff claims that this alleged action effectively precludes any judicial review of the institution discipline committee proceeding.

### A.

On 16 March 1981, defendants filed a motion to dismiss. The defendant's motion urges that this Court should reach the conclusion that it lacks the jurisdiction to adjudicate plaintiff's claims and that the plaintiff has failed to set forth allegations upon which relief can be granted on account of the plaintiff's acknowledged failure to have first exhausted available administrative remedies. The defendant's motion is now ripe for consideration.

■ The requirement of exhaustion of administrative remedies is most commonly applied in "cases where the relevant statute provides that certain administrative procedures shall be exclusive." *McKart v. United States,* 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969). Congress has not provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution.[1] In the absence of a statutory requirement, the applicability of the exhaustion doctrine to a particular case is within the Court's discretion. *United States ex rel. Marerro v. Warden,* 483 F.2d 656 (3rd Cir. 1973) *rev'd on other grounds,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974).

The Supreme Court's decision in *Carlson v. Green,* 446 U.S. 14, 19, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980) indicates that federal prisoners will not be required to exhaust, alternative, nonconstitutional remedies except in narrowly defined circumstances. In holding that the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1976), does not pre-empt a prisoner's Eighth Amendment claim of cruel and unusual punishment, the *Carlson* Court stated that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right" unless the defendant (1) demonstrates " 'special factors counselling hesitation in the absence of affirmative action by Congress' " [Citations omitted.], or (2) shows "that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." [Citations omitted.] *Carlson, supra* at 18–19, 100 S.Ct. at 1472.

---

1. In proceedings by State prisoners under 42 U.S.C. § 1983 Congress has adopted such a substitute in the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e (1980).

The Supreme Court's application of the guidelines to the circumstances in *Carlson* appears to be equally appropriate in the present case. First, as in *Carlson*, there do not appear to be any special factors counselling hesitation in the absence of affirmative action by Congress. United States prison officials "do not enjoy such independent status in our constitutional scheme as to suggest that judicially created remedies against them might be inappropriate. [Citations omitted.] Moreover, even if requiring them to defend [plaintiff's] suit might inhibit their efforts to perform their official duties. The qualified immunity accorded them ... provides adequate protection under *Butz v. Economou*, 438 U.S. 748, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)." *Carlson, supra* 446 U.S. at 19, 100 S.Ct. at 1472. Second, as in *Carlson*, there is no explicit congressional declaration that would preempt a *Bivens*-type action or create an equally effective remedy for constitutional violations of the First, Fifth or Eighth Amendments.

■ Defendants point to the administrative remedies afforded federal prisoners. There are, however, no provisions permitting administrative officials to award damages for violations of intangible, nonpecuniary constitutional rights. *See* 28 C.F.R. § 542.10–.16. In the absence of a congressional directive this Court will not require a resort to administrative remedies which clearly would be deficient.

The Fourth Circuit, in a recent unpublished opinion, held that a federal prisoner need not exhaust administrative remedies when the sole remedy sought is damages. *Bey v. United States*, 660 F.2d 488 (4th Cir. 1981) (per curiam), copy attached.[2] *But cf. Brice v. Day*, 604 F.2d 664 (10th Cir. 1979) (per curiam), *cert. denied*, 444 U.S. 1086, 100 S.Ct. 1045, 62 L.Ed.2d 772 (1980) (a federal prisoner alleging cause of action under Eighth Amendment must first exhaust administrative remedies).

---

2. In dictum the Court indicated that exhaustion might in a proper case be required where in-

For the above stated reasons the defendant's motion to dismiss will be denied.

**B.**

On 15 June 1981, plaintiff moved this Court for reconsideration of its order entered on 28 May 1981, sustaining defendant's objections to plaintiff's interrogatories. In light of this Court's ruling on defendant's motion to dismiss the order entered on 28 May 1981 will be vacated. Defendant's objection will be overruled.

Accordingly, it is hereby ORDERED that:

1) defendant's motion to dismiss is DENIED,

2) this Court's order entered 28 May 1981 is VACATED,

3) defendant's objections to plaintiff's interrogatories are OVERRULED,

4) defendants are GRANTED thirty (30) days from the entry of this order within which to respond to plaintiff's discovery requests.

junctive relief is sought.