**UNITED STATES of America,
Appellee,**

v.

**Jean Claude KELLA and Laurent
Fiocconi, Appellants,**

**Nos. 423, 809, Dockets 73-2212, 73-2213.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 20, 1973.

Decided Jan. 16, 1974.

Arthur J. Viviani, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty. for the S. D. N. Y., and John D. Gordan III, Asst. U. S. Atty., on the brief), for appellee.

Raymond Bernhard Grunewald, Brooklyn, N. Y. (Grunewald, Turk & Gillen, Brooklyn, N. Y., on the brief), for appellants.

Before LUMBARD, MANSFIELD and MULLIGAN, Circuit Judges.

PER CURIAM:

Jean Claude Kella and Laurent Fiocconi appeal from an order of Judge Edward Weinfeld of the Southern District of New York denying their motion, pursuant to F.R.Cr.P. 35, for an order correcting and reducing their sentences of 25 years' imprisonment imposed on June 19, 1973. We affirm.

On January 4, 1972, a nine-count indictment was filed charging the appellants, Kella and Fiocconi, and 21 codefendants, with importing and selling heroin, and conspiracy to do the same in violation of 21 U.S.C. §§ 173 and 174, now repealed ["the old law"], and 21 U. S.C. §§ 812, 841, 846, 951, 952, and 953, the substituted statutory provisions ["the new law"]. Kella and Fiocconi were charged only in the first three counts of the indictment. Count 1 charged them with conspiring from January 1, 1970 to January 4, 1972 to import, sell and distribute heroin in violation of both the old and new laws. Both laws were relied upon because nine overt acts of the conspiracy were charged to have occurred while 21 U.S.C. §§ 173 and 174 were still in effect and the other nine overt acts charged in the indictment occurred after May 1, 1971, the effective date of the new law. Counts 2 and 3 charged both appellants with importing 37 kilograms of heroin on May 27, 1970, and with selling this heroin on May 29, 1970, in violation of the old law, which was in effect at the time of these criminal activities.

Following a seven-day trial in May 1972 before Judge Weinfeld and a jury, Kella and Fiocconi were found guilty as

charged and sentenced to 20 years' imprisonment on count 1 and 5 years' on counts 2 and 3, these last terms to run concurrently with each other, but consecutively to the term imposed on count 1. All three terms were imposed under the old law. The appellants, who were remanded at once to begin serving their sentences, unsuccessfully appealed their convictions, 468 F.2d 632 (2d Cir. 1972), cert. denied, 411 U.S. 916, 93 S.Ct. 1543, 36 L.Ed.2d 307 (1973). They then applied to the trial court, pursuant to F.R. Cr.P. 35, to correct and reduce what they claimed to be illegal sentences. On July 12, 1973, Judge Weinfeld denied their application.

The appellants argue that, with regard to count 1, Judge Weinfeld should have applied the penalty provisions of the new law rather than those of the old law, which were more severe. Whereas the new law provides for a maximum 15 year sentence and permits parole, the old law provided for a maximum 20 year sentence with no hope of parole, 26 U.S. C. § 7237(d).

In support of their argument, the appellants note that count 1 charged a conspiracy as much in violation of the new law as of the old, that many of the overt acts charged in the conspiracy count were alleged to have occurred after the new law took effect, and that the trial took place and sentence was imposed after the effective date of the new law. In light of this, they assert, "justice and equity would require a resolution in favor of what *is* the sentencing law as distinguished from what it *was*", especially since the new law's terms are considerably more lenient.

Judge Weinfeld did not err in imposing sentences on the basis of the old law. The savings provision of the new law, Comprehensive Drug Abuse Prevention and Control Act of 1970, § 1103(a), 21 U.S.C.A. § 171 note, specifically states that:

Prosecutions for any violation of law occurring prior to the effective date of section 1101 [May 1, 1971] shall not be affected by the repeals or amendments made by such section . . . or abated by reason thereof.

The term "prosecution" as used in § 1103(a) has been read by this court to include sentencing so that

[W]hen Congress said that "prosecutions for any violation of law" before May 1, 1971 "shall not be affected by the [repeal]", of various narcotics laws, it intended to permit sentencing under the repealed law after a conviction under it. United States v. DeSimone, 468 F.2d 1196, 1198 (2d Cir. 1972).

Only last term, the Supreme Court reached a similar conclusion in Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973). In affirming the rejection by the First Circuit of petitioners' motion to vacate sentence and remand for resentencing under the new law, the Supreme Court emphasized that "[i]n the legal sense, a prosecution terminates only when sentence is imposed." 410 U.S. at 609, 93 S.Ct. at 1154.

Nevertheless, appellants attempt to distinguish *Bradley* and DeSimone by noting that in *Bradley* the offense was committed and the defendants were tried before the new law went into effect [1] and that in *DeSimone* only one of the many overt acts charged in the conspiracy count of the indictment occurred after the effective date of the new law, "the preponderant bulk of the crime having been within the 'old statute' period." We are unpersuaded by these distinctions.

Although the indictment here charged that the conspiracy extended beyond May 1, 1971, the effective date of the new law, the government's proof at trial was limited solely to acts committed before May 1. During the trial, the government informed the court and the appellants that it was relying only on the old law averments of the conspiracy count and the overt acts which had occurred prior to May 1, 1971. Appellants

1. The defendants, however, had been sentenced after the new law had gone into effect.

through their counsel, agreed to submit the case to the jury on that basis. Thereafter, Judge Weinfeld in his charge to the jury cited only the pertinent old law provisions and the pre-May 1 overt acts of the conspiracy count. At no time was the new law or the post-May 1 overt acts mentioned. Since the appellants were unquestionably convicted under the old law, there was no error in applying its sentencing provisions as well.

The appellants argue, however, that even if their convictions were based solely on violations of the old law, they may still resort to 18 U.S.C. § 4202, which provides in pertinent part that "a Federal prisoner . . . may be released on parole after serving one-third of such term or terms. . . ." Since § 4202 empowers the Parole Board to make decisions regarding the granting of parole independent of the trial judge's sentence and long after that sentence has been entered and the prosecution has been terminated, appellants argue that it is in no way limited by the savings clause contained in § 1103(a). Confronted with this same argument in *Bradley, supra,* the Supreme Court expressly declined to pass on its merits.[2] The argument was also raised before this court in United States v. Huguet, 481 F.2d 888, 891–892 (2d Cir. 1973). Without actually expressing an opinion on the issue, we suggested that the most appropriate course would be for the appellant to bring an action against the Parole Board "should [the Board] refuse to consider him for parole after one-third of his sentence has expired."

Since Kella and Fiocconi still have several years to serve before completing one-third of their sentences and before the provisions of § 4202 could conceivably apply, we need not decide at the present time whether this statute, which permits parole, applies to them even though they were sentenced under the old law which barred parole.

Affirmed.

---

2. The Court has recently decided to review the question. Warden v. Marrero, 483 F.2d 656 (3rd Cir.), cert. granted, —— U.S. ——, 94 S.Ct. 865, 38 L.Ed.2d 752 (1974).

  While not deciding the issue in *Bradley,* the Supreme Court did decide, however, that a second parole provision, 18 U.S.C. § 4208(a) is unavailable to defendants sentenced under the old law. 18 U.S.C. § 4208(a) states that a district judge

  may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term

may be less than, but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine.

  Unlike § 4202, the procedure set forth in § 4208(a) occurs at the time of sentencing. Since this is part of the prosecution, § 1103(a) applies and the no-parole rule of the old law, contained in 26 U.S.C. § 7237(d), controls.